UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID ERTZINGER, *et al.*, | ) | CASE NO: 5:24-cv-00350 |
| | ) | |
| Plaintiff(s), | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| SHAWN KELLY, *et al.*, | ) | |
| | ) | (Resolves Docs. 9, 10, 11) |
| Defendant(s). | ) | |
| | ) | |

This matter comes before the Court on the *Defendants' Motion to Dismiss* (Doc. 9) (the "Motion") filed by Defendants Shawn Kelly ("Kelly") and Maverick Restoration, Inc. ("Maverick") (collectively, "Defendants"). Plaintiffs David Ertzinger and Donna Ertzinger (collectively, "Plaintiffs") filed the *Opposition to Defendants' Motion to Dismiss Plaintiffs' 3rd Amended Complaint* (Doc. 10) and Defendants filed an additional reply (Doc. 11).

For the reasons stated below, the Motion is DENIED.

I.   **FACTUAL BACKGROUND**

Plaintiffs filed this action in the Summit County Court of Common Pleas against their alleged former employer, Maverick, and its owner, Kelly, in 2022. After the *Second Amended Complaint* (Doc. 1-2) was filed, Defendants removed the action to this Court. Thereafter, Plaintiffs filed the *Third Amended Complaint* (Doc. 4), which generally makes claims related to Plaintiffs' alleged employment with Maverick, payment disputes with Maverick and Kelly, and state and federal wage and records violations. Specifically, Plaintiffs claim breach of oral contract against Maverick (Count One), breach of implied contract against Maverick (Count Two), unjust

1

enrichment as to both Defendants (Count Three), promissory estoppel as to both Defendants (Count Four), failure to pay minimum wage in violation of Ohio Rev. Code § 4111.14 against both Defendants (Count Five), failure to provide wage records in violation of Ohio Rev. Code § 4111.14 against both Defendants (Count Six), and failure to pay overtime in violation of 29 U.S.C. § 216 against both Defendants (Count Seven). Defendants filed the instant Motion for dismissal for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of Counts One – Four and Six.

## II.  LAW AND ANALYSIS

### a.  Legal Standard

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. c. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id*. at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id*. Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

The Court need accept only the complaint's well-pled factual allegations as true. *Nwanguma v. Trump*, 903 F.3d 604, 607 (6th Cir. 2018). "[L]egal conclusion[s] couched as factual allegation[s]," on the other hand, "need not be accepted as true." *Id*. (citing *Twombly*, 550 U.S. at 555). After legal conclusions are disregarded, the complaint must set forth facts that "raise a right to relief above the speculative level." *Id.*

### b. Count One – Breach of Oral Contract

Plaintiffs first claim that Maverick breached two oral agreements when it 1) failed to pay agreed-upon wages of $15 per hour to Plaintiff David Ertzinger and $12 per hour to Plaintiff Donna Ertzinger and 2) did not provide the agreed-upon reimbursement to Plaintiffs for certain advanced funds and expenses they incurred in the course of employment. Third Am. Compl. ¶¶ 44–51. Defendants argue that the nonpayment of wages portion of Count One is inappropriately raised as a breach of contract claim because Plaintiffs' statutory claims under federal and state laws (Counts Five – Seven) contain the same issues. Mot. to Dismiss at 7. They further argue that the Court

3

should find no oral contract existed with respect to the reimbursement of advanced funds because Plaintiffs have not established repayment terms. Mot. to Dismiss at 6–7.

First, Defendants' argument that Plaintiffs' breach of contract claim cannot coexist with their statutory claims under federal and state laws does not have merit. *See Corre v. Steltenkamp*, No. 06-30-DLB, 2006 U.S. Dist. LEXIS 66868, at *8 (E.D. Ky. Aug. 16, 2006) ("Breach of contract, where applicable, is a recognized alternative theory upon which relief may be sought for failure to pay required compensation; pursuit of relief is not limited to a federal statutory violation under the FLSA or related state statutes.")

The relationship and alleged contracts in this case are governed by Ohio law. In Ohio, a plaintiff must allege "1) a contract existed, 2) the plaintiff performed under the contract, 3) the defendant breached the contract, and 4) the plaintiff suffered damages from the breach." *Dean v. Chamberlain Univ., LLC*, No. 21-3821, 2022 U.S. App. LEXIS 16726, at *4 (6th Cir. June 16, 2022) (citation omitted). The existence of a contract is established by a showing of an "offer, acceptance, the manifestation of mutual assent, and consideration (the bargained for legal benefit and/or detriment)." *MMK Group, LLC v. SheShells Co., LLC*, 591 F. Supp. 2d 944, 963 (N.D. Ohio 2008) (quoting *Kostelnik v. Helper*, 770 N.E.2d 58 (Ohio 2002)).

The Court finds that Plaintiffs have pled sufficient facts to support plausibility of both facets of their breach of oral contract claim. First, they allege the existence of a contract, supported by statements that Maverick offered to employ them and pay agreed-upon hourly wages. Third Am. Compl. ¶ 44. Plaintiffs further support their claim when they state that they performed work in accordance with the alleged contract, Maverick breached the agreement by failing to pay the agreed-upon wages, and Plaintiffs suffered associated economic loss. Third Am. Compl. ¶¶ 46–

4

48. Therefore, at this stage in the proceedings, the Court finds that the breach of oral contract claim with respect to the alleged nonpayment of wages is plausible on the face of the complaint.

Plaintiffs further indicate they entered an agreement with Maverick wherein they would use their personal credit card to advance expenses on behalf of the business and Maverick agreed to later reimburse those expenses. Third. Am. Compl. ¶¶ 49–50. Plaintiffs allege that they performed under the contract by advancing the funds, but Maverick breached the agreement when it failed to execute the reimbursements, which caused Plaintiffs economic damages. Third. Am. Compl. ¶¶ 50–51. Defendants' argument that Plaintiffs are required to point to express terms of repayment is misplaced, as that presentation is one that is required where a breach of written contract is at issue. *See Farris v. ADT, LLC*, No. 17 CV 820, 2017 U.S. Dist. LEXIS 161003, at *7 (N.D. Ohio Sep. 29, 2017) (citing *Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.*, 492 F. Appx. 518 (6th Cir. 2012)). Accordingly, the Court finds that the breach of oral contract claim is plausible on the face of the complaint.

The Motion is denied with respect to Count One.

    c. **Count Two – Breach of Implied Contract**

Count Two, the alleged breach of implied contract, largely relies on the same set of facts as Count One. Here, Plaintiffs indicate that Maverick breached two implied agreements when it 1) failed to pay Plaintiffs hourly wages and 2) did not reimburse Plaintiffs for certain advanced funds and expenses incurred in the course of their employment. Third Am. Compl. ¶¶ 53–62. Likewise, Defendants rely on the same arguments to support their allegation that Plaintiffs failed to state a claim for breach of implied contract. Mot. to Dismiss at 5–8.

"The elements of an implied-in-fact contract are the same as those of an express contract[.]" *Randleman v. Fid. Nat'l Title Ins. Co.*, 465 F. Supp. 2d 812, 818 (N.D. Ohio 2006) (citation

omitted). An implied contract in Ohio exists where the factfinder can infer the existence of a contract based on the surrounding circumstances demonstrating a meeting of the minds. *Dean v. Chamberlain Univ., LLC*, 2022 U.S. App. LEXIS, at *8 (citations omitted). Therefore, a "complaint must include a description of the conduct," including alleged facts showing mutual assent, "from which to infer a meeting of the minds." *Id.* (citing *Byler v. Air Methods Corp.*, 823 F. Appx. 356, 361–62 (6th Cir. 2020) (internal quotation marks omitted).

Here, Plaintiffs again allege there were two agreements with Maverick. First, they would be employed by Maverick for certain hourly rates of pay; second, Plaintiffs would advance funds on behalf of Maverick that Maverick agreed to later reimburse. Third Am. Compl. ¶¶ 53–62. Plaintiffs further describe the conduct to shed light on the mutual assent aspect of the implied-in-fact claim by indicating that Maverick, at least at times, paid the agreed-upon wages and made payments to reimburse the advanced expenses after Plaintiffs performed the work. Third Am. Compl. ¶¶ 55, 60. Plaintiffs further state these breaches have caused economic damages. Third Am. Compl. ¶ 62. Both aspects of Plaintiffs' claim for breach of implied contract are well-pled and plausible on the face of the complaint.

The Motion is denied with respect to Count Two.

    d.  **Counts Three and Four – Unjust Enrichment and Promissory Estoppel**

In Count Three, Plaintiffs alternatively claim unjust enrichment by alleging that they worked for the benefit of Defendants by advancing money to them and paying up-front for the cost of equipment and supplies. Third Am. Compl. ¶¶ 64–67. Plaintiffs indicate they reported both the hours worked and amount of funds advanced, and Kelly assured Plaintiffs they would be reimbursed by Defendants, yet they were only partially reimbursed, and Defendants have profited as a result. Third Am. Compl. ¶¶ 68–74.

Count Four for promissory estoppel relies on similar allegations. Plaintiffs note Kelly's alleged promise on behalf of Defendants to reimburse Plaintiffs. Third Am. Compl. ¶ 76. They claim Defendants kept a record of the money owed and made sporadic payments, causing Plaintiffs to reasonably and foreseeably rely on Kelly's promise of repayment due to the numerous payments and their longstanding relationship with Defendants. Third Am. Compl. ¶¶ 79–85.

Defendants' sole argument with respect to Counts Three and Four is not related to Rule 12(b)(6), but instead rests on their assertion that the claims are not actionable due to the six-year statute of limitations set forth by Ohio Rev. Code § 2305.07. Mot. to Dismiss at 8. However, a motion to dismiss is generally an 'inappropriate vehicle' to dismiss a claim based on statute of limitations grounds, unless the allegations in the complaint 'affirmatively show that the claim is time-barred.' *G.G. Marck & Assoc. v. Peng*, No. 3:05 CV 7391, 2018 U.S. Dist. LEXIS 53356, at *13 (N.D. Ohio Mar. 29, 2018) (citing *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)) (internal quotation marks omitted). The complaint generally refers to 2012–2020 as the operative timeframe. Defendants do not allege that the statute of limitations has run on the claims as a whole, rather, they seem to ask the Court to decide at the pleading stage whether portions of Plaintiffs' claims are time-barred. This parsing of dates within a single cause of action is not appropriate at this stage. *See Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013) ("Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run") (internal quotation marks and citation omitted); *see also N. v. Cuyahoga Cnty.*, No. 1:15-cv-01124, 2015 U.S. Dist. LEXIS 123684, at *3 (N.D. Ohio Sept. 16, 2015). The question as to when Plaintiffs' claims accrued (and whether any should be limited) is one of fact that cannot be answered at this stage in the proceedings.

The Motion is denied as to Counts Three and Four.

### e. Count Six – Failure to Provide Wage Records

Last, Defendants move to dismiss Plaintiffs' Count Six, wherein Plaintiffs claim Defendants failed to provide wage records in violation of Ohio Rev. Code § 4111.14. Plaintiffs assert that on October 22, 2022, they requested their wage records from February 3, 2017 through February 3, 2020. Third Am. Compl. ¶¶ 93, 96. After notarizing their request, they resent it on November 15, 2022. Third Am. Compl. ¶¶ 94–95. Plaintiffs claim statutory damages due to Defendants' alleged failure to provide the records within 30 days. Third Am. Compl. ¶ 99. Defendants move to dismiss this claim on three grounds. First, they argue the claim was not ripe when filed. Mot. to Dismiss at 9. They also allege the request for records was not valid pursuant to Ohio Rev. Code § 4114.14(H)(2) because it was made jointly on behalf of both Plaintiffs. Mot. to Dismiss at 10. Last, Defendants argue that they were only required to keep records for three years, rather than those going back five and a half years as Plaintiffs requested. Mot. to Dismiss at 8–9.

### i. Standing

First, Defendants rely on incorrect procedural grounds in support of their ripeness argument – a Rule 12(b)(6) motion based on lack of ripeness is "more appropriately considered as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction." *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-cv-116, 2011 U.S. Dist. LEXIS 61183, at *22–23 (S.D. Ohio June 8, 2011) (citation omitted). Therefore, the Court will apply a Rule 12(b)(1) analysis to this portion of Defendants' argument.

Rule 12(b)(1) motions are appropriate where a defendant claims the court lacks subject matter jurisdiction, of which, standing is a threshold question. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). To establish standing, the party must, first, "have suffered an injury in fact -- an invasion

8

of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations and internal quotation marks omitted). Second, there must be a "causal connection" between the injury and the defendant's conduct. *Id*. (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976)). Finally, the injury must likely be redressed by a favorable decision of this Court. *Lujan*, 504 U.S. at 561. "[T]he party invoking federal subject matter jurisdiction[] has the burden of demonstrating that he satisfies each element of Article III standing." *Stalley v. Methodist Healthcare*, 517 F.3d 911, 916 (6th Cir. 2008) (citing *Courtney v. Smith*, 297 F.3d 455, 459 (6th Cir. 2002)).

Of the three elements establishing Article III standing, Defendants appear to take aim at whether Plaintiffs properly alleged that they suffered an injury in fact because they filed the initial complaint on November 21, 2022, prior to the date that Defendants were required to respond to Plaintiffs' request. Mot. to Dismiss at 9. Plaintiffs claim that Defendants have yet to provide the requested records. Third Am. Compl. ¶ 97. Filed on March 22, 2024, the *Third Amended Complaint* (Doc. 4) is the operative pleading in this case. The filing date was a year and a half after Plaintiffs allege they sent the request to Defendants. Therefore, Count Six was ripe when filed. *See Klyce v. Ramirez*, 852 F.2d 568, 1988 U.S. App. LEXIS 9788, at *9 (6th Cir. 1988); *see also B&H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 267 n. 8 (6th Cir. 2008) ('a prior complaint is a nullity'). Defendants' argument with respect to ripeness lacks merit.

### ii. Validity

Defendants' argument that Plaintiffs' joint request for pay records was invalid meets the same end. Defendants claim that the Plaintiffs' alleged request for their pay records was a joint one, signed by both Plaintiffs, which violates Ohio Rev. Code § 4111.14(H)(2). Mot. to Dismiss

9

at 10. However, Count Six is made pursuant to Ohio Rev. Code §§ 4111.14(F) and (G) (Third Am. Compl. ¶ 98) and Defendants' argument is misplaced. *See Francis v. Ne. Ohio Neighborhood Health Servs.*, 2021-Ohio-3928, ¶ 28 (Ct. App. 2021) (subsection (H) of Ohio Rev. Code § 4111.14 applies only to complaints filed with the state).

### iii. Requirement to Maintain or Provide

Finally, Defendants allege that according to Ohio Rev. Code § 4111.14(F)(3), they were not statutorily required to maintain or provide records for the full timeframe Plaintiffs requested. Mot. to Dismiss at 11. The Court again notes that it does not appear Defendants have provided any of the records to Plaintiffs as of the date of this Order. Third Am. Compl. ¶ 97. Regardless of whether Defendants are correct about the applicable required timeframe to keep records, they fail to establish that Plaintiffs did not state a claim upon which relief could be granted. Defendants appear to agree that Plaintiffs requested pay records for, in part, a required timeframe, yet Defendant did not produce any records. *See generally Miller v. Food Concepts Int'l, LP*, No. 2:13-cv-0124, 2015 U.S. Dist. LEXIS 183168, at *10 (S.D. Ohio Feb. 18, 2015) (Ohio Rev. Code § 4111.14(F)(3) statutorily requires employers to maintain the applicable records for the preceding three years). As such, Defendants' final argument regarding Count Six is not well-taken.

The Motion is denied as to Count Six.

### III. CONCLUSION

For the foregoing reasons, *Defendants' Motion to Dismiss* (Doc. 9) is DENIED.

IT IS SO ORDERED.

October 15, 2024                     */s/ John R. Adams*
Date                                JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE